IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Kayla Van Alstyne, a/k/a Kayla Thomas, and William Thomas, | C.A. No. 2:26-cv-00695-RMG |
| Plaintiffs, | **COMPLAINT** |
| vs. | **(Jury Trial Demanded)** |
| William S. Corey, M.D., |  |
| Defendant. |  |

COME NOW Plaintiffs, Kayla Van Alstyne, a/k/a Kayla Thomas ("Plaintiff Van Alstyne"), and William Thomas ("Plaintiff Thomas") (collectively, "Plaintiffs") complaining of Defendant William S. Corey, M.D. ("Dr. Corey" or "Defendant") and would allege and show this Court as follows:

**PARTIES**

1.      Plaintiffs are citizens and residents of the State of Illinois.

2.      Plaintiffs are legally married and were so at all times relevant hereto.

3.      Upon information and belief, Dr. Corey is a physician licensed to practice medicine in the State of South Carolina and is a citizen and resident of the State of South Carolina.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over the parties hereto and the matters alleged herein pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and Plaintiffs are citizens of Illinois, while Dr. Corey is a South Carolina citizen.

5.    Venue is proper in this Division because a substantial part of the tortious acts and/or omissions giving rise to this action occurred in Charleston County, South Carolina.

## **FACTS**

6.    On October 17, 2022, Plaintiff Van Alstyne suffered acute injuries to her right foot and right ankle as the result of a fall in her home.

7.    During an urgent care visit shortly after her fall, Plaintiff underwent X-Ray imaging studies of both her right foot and right ankle.  Said imaging of Plaintiff's right foot contained strong radiographic evidence of a Lisfranc fracture and ligamentous injury in Plaintiff's right foot resulting from her fall.

8.    On October 18, 2022, Plaintiff presented to Dr. Corey for further evaluation and treatment of her injuries, and she established treatment with Dr. Corey.

9.    A clinical examination of Plaintiff's right foot and ankle revealed pain, swelling, and limited range of motion.

10.    Dr. Corey ordered X-rays of only Plaintiff's right ankle for further evaluation and treatment of Plaintiff's injuries.

11.    Three views of Plaintiff's right ankle were obtained on October 24, 2022, and Dr. Corey interpreted the results of Plaintiff's imaging.

12.    According to his encounter note in Plaintiff's medical records dated October 24, 2022 and signed at 12:22 p.m., upon reviewing Plaintiff's imaging, Dr. Corey found only a "nondisplaced comminuted lateral malleolus fracture" in Plaintiff's right ankle.

13.     Upon information and belief, and as set forth in the Affidavit of Douglas W. Gibson, M.D. attached hereto as Exhibit A, the October 24, 2022 imaging of Plaintiff's right ankle contains "strong radiographic evidence suggestive of a Lisfranc fracture and ligamentous injury between the first and second metatarsals, as well as the medial and intermediate cuneiforms, in [Plaintiff's] right foot."

14.     Dr. Corey failed to identify the aforementioned radiographic evidence of injury to Plaintiff's right foot, which was present in the October 24, 2022 imaging of Plaintiff's right ankle.

15.     Plaintiffs are further informed and believe that Dr. Corey was aware of and could have obtained Plaintiff's October 17, 2022 imaging for review in connection with Plaintiff's treatment.

16.     However, it appears from Plaintiff's medical records that Dr. Corey never reviewed Plaintiff's October 17, 2022 right foot imaging, which similarly contained strong radiographic evidence suggestive of a Lisfranc fracture and ligamentous injury.

17.     Upon information and belief, and as more specifically set forth in Exhibit A, a proper review of Plaintiff's October 24, 2022 right ankle imaging results, in conjunction with her previous imaging obtained on October 17, 2022 and her clinical presentation during her October 18, 2022 and October 24, 2022 visits would have raised suspicion of a possible Lisfranc injury and resulted in the employment of additional diagnostic imaging modalities, including an MRI, for further evaluation.

18.      Said additional imaging studies would most likely have confirmed that Plaintiff suffered a Lisfranc fracture and ligament injury on October 17, 2022, thereby leading to the timely diagnosis, appropriate treatment, and improved prognosis of Plaintiff's right foot injuries.

19.     Pursuant to S.C. Code Ann. § 15-36-100, the Affidavit of Douglas W. Gibson, M.D., which identifies at least one negligent act or omission by Defendant, is attached as Exhibit A and incorporated by reference.

20.     As a direct and proximate result of Defendant's failures to adhere to the standard of care and skill generally exercised by medical providers under similar circumstances, Plaintiff suffered a substantial delay in the diagnosis and treatment of her Lisfranc and ligamentous injury, a reduced/poor prognosis for full recovery, likely permanent deformity of her right foot, as well as significant injuries, medical expenses, and other unnecessary damages.

21.     Further, as a direct and proximate result of Defendant's failures to adhere to the standard of care and skill generally exercised by medical providers under similar circumstances, Plaintiff Thomas has suffered damages, including a loss of consortium.

## FOR A FIRST CAUSE OF ACTION
### (Professional Negligence/Medical Malpractice)

22.     The foregoing allegations are realleged and reincorporated as if more fully set forth herein verbatim to the extent not inconsistent herewith.

23.     Defendant owed a duty to render proper medical care and treatment to Plaintiff in accordance with the applicable standard of care exercised by similarly situated medical providers under the same or similar circumstances.

24.     Defendant, individually and/or through his employees and/or agents, breached the applicable standard of care in the following particulars:

a.     In failing to review Plaintiff's October 17, 2022 right foot imaging;

b.     In failing to identify the radiographic evidence suggestive of Lisfranc fracture and ligamentous injury shown on Plaintiff's October 17, 2022 right foot imaging and October 24, 2022 right ankle imaging;

c.      In failing to order or perform additional diagnostic imaging studies of Plaintiff's right foot for further evaluation of Plaintiff's condition, in light of her imaging results and her clinical presentation during her visits with Dr. Corey;

d.      In failing to properly diagnose Plaintiff's condition in her right foot as stated above;

e.      In breaching the applicable standard of care as further described in the Affidavit of Douglas W. Gibson, M.D. attached as Exhibit A; and

f.      In such other and further particulars as may be revealed in discovery and as the evidence at trial may show.

25.     As a direct and proximate result of the separate and independent negligent, grossly negligent, and/or reckless acts or omissions of Defendant as described herein, Plaintiff suffered a substantial delay in the diagnosis and treatment of her condition, was injured, and has endured and continues to endure severe and unnecessary physical pain, suffering, mental and emotional distress, and has suffered damages, including but not necessarily limited to, actual damages, consequential damages, past and future medical expenses, wage loss, loss of enjoyment of life, and such other damages as the evidence at trial may show.

26.     Further, upon information and belief, as a direct and proximate result of the negligent, grossly negligent, and/or reckless acts or omissions of Defendant described above, Plaintiff has suffered permanent injury to her right foot for which she is reasonably certain to require ongoing, future medical treatment, the total estimated cost of which is expected to exceed $200,000.00.

27.     Plaintiff is informed and believes that Defendant's actions and omissions were willful, wanton, or carried out with such reckless disregard for and conscious indifference to Plaintiff's rights that Plaintiff is entitled to recover punitive damages in addition to actual damages.

## FOR A SECOND CAUSE OF ACTION
### (Loss of Consortium)

28.     The foregoing allegations are realleged and reincorporated as if more fully set forth herein verbatim to the extent not inconsistent herewith.

29.     Plaintiff William Thomas was at all times relevant hereto legally married to Plaintiff Kayla Van Alstyne, a/k/a Kayla Thomas.

30.     Prior to the matters complained of herein, Mr. Thomas relied upon Mrs. Thomas for certain domestic services, including but not limited to, household assistance, companionship, affection, and society.

31.     Plaintiff Kayla Van Alstyne, a/k/a Kayla Thomas's injuries and damages set forth herein were caused by the negligent, willful, wanton, and reckless acts and/or omissions of Defendant, as hereinabove set forth, and have impaired her ability to provide the above-referenced services to her husband in the manner to which he is accustomed.

32.     Plaintiff William Thomas was damaged individually as a result of the injuries and damages suffered by his wife, including but not limited to, the loss of domestic services, as well as the loss of society, comfort, and companionship.

33.     As a direct and proximate result of the negligent, grossly negligent, willful, wanton, and reckless acts and/or omissions of Defendant, Plaintiff William Thomas is entitled to recover actual and punitive damages in an amount to be determined by the jury.

WHEREFORE, having fully set forth their Complaint, Plaintiffs pray this Court for a jury trial on all issues so triable and for judgment against Defendant for:

A.    Actual, consequential, and incidental damages, both past and future;

B.    Punitive damages;

C.    Prejudgment interest;

D.    Costs and attorney's fees in instituting this action; and

E.    For such other and further legal and equitable relief as this Court may deem just and proper.

Respectfully submitted,

O'REILLY LAW FIRM, LLC


 _s/Michael C. Masciale_
Michael C. Masciale, Esq.
Fed. Bar No. 12944
215 East Bay St., Ste. 400
Charleston, SC 29401
Phone: 843-790-8771
*Mike@poreillylaw.com*
**Attorney for Plaintiffs**

February 19, 2026
Charleston, South Carolina